Br the Court.—O’Gorman, J.
—This is an action to recover from the defendants their pro rata share of a loss of railroad iron on board of the Hebe, which capsized in rounding the Battery, about four o’clock in the afternoon of August 15, 1878. The plaintiff claims that the aggregate loss amounted to $1,024. The defendants answered separately. The defendants’ counsel moved the court for a nonsuit on the ground that the proof was insufficient to entitle the- plaintiff to a recovery. This motion was denied and the court directed a verdict for the plaintiff for $126, and ordered the exceptions of the parties to be heard at the general term, the plaintiff to make, the case.
It is alleged in the complaint, that the defendants, being respectively duly incorporated under the laws of New Jersey, were doing business in New York together, for their joint account under the name of the “National Lloyds,”, and that on August 15, 1878, they insured the plaintiff in the sum of $2,500, on railroad iron on board the lighter Hebe, at and from Norwalk, Connecticut, to Jersey City, N. J. The defendants, in their answer, admit that they were so in-, corporated and did, each of them, enter into a contract of insurance with the plaintiff, by which they did insure it in the manner, and on the terms, conditions, and stipulations in said contract contained; and that by the terms of said contract of insurance, it was among other things agreed that the said lighter, in performance of said voyage, should not sail to, touch or stay at any ports or places unless thereto obliged by stress of weather or other unavoidable accident; and that the lighter did sail to, touch, and stay at another place, to wit: the city of Brooklyn.
The plaintiff produced in evidence, the following certificate of insurance: “ Certificate of Insurance No. 2,134. $2,500. National Lloyds, 73 William St., New York.
*167 “ New York, August 15, 1878.
“ This certifies, that New Jersey Lighterage Co. are insured under and subject to the conditions of open policy No. A, issued by this office, in the sum of twenty-five hundred dollars on railroad iron on board the lighter Hebe, at and from Norwalk, Conn., to Jersey City, N. J., loss, if any, payable to them or order hereon and return of this certificate. $2,500. At M cfo premium, $6.25.
“Arthur Leary, Attorney.
“ Not valid unless countersigned by John Newman.
“Juo. Newmau.”
The open policy No. A, was not produced on either side, although one of the witnesses, examined on behalf of the plaintiff, said that it was in his pocket. Evidence was given on the loss, and that the lighter had, during her voyage up the East River, made fast to a dock alongside Martins’ stores in Brooklyn, and had so remained there about three-quarters of an hour, beacuse in the then condition of the wind and tide, she could not go any further without a tugboat; that the captain sent word for a tugboat, and got one; and that while passing out from the East River into the Battery, he got into a kind of slack water, and going from one tide into the other, in a kind of whirlpool, the vessel capsized. The defendants’ counsel during the course of the trial objected in effect that plaintiff’s case was incomplete without production of policy No. A; that the certificate proved is not a contract of insurance, and does not contain the elements necessary to make a perfect and certain contract of insurance. This objection is not tenable. The defendants in their answer admitted that they had entered into a contract of insurance with plaintiff, by which they did insure the plaintiff’s railroad iron on board the lighter Hebe, in the manner, and upon the terms, conditions and stipulations, in said contract contained. If any terms, conditions, or stipulations, not set forth in the certificate proved by the plaintiff, were of a nature to defeat the plaintiff’s claim, it-was the duty of the defendants to put in evidence the policy' No. A, referred to in the certificate, and in which such *168 conditions may have been contained. The certificate itself sufficiently sets forth a contract of insurance of the plaintiff in the sum of $2,500, of railroad iron on board the lighter Hebe at and from Norwalk, Conn., to Jersey City, N. J. The defendants, having failed to show any other terms or conditions, must be bound by the certificate as it stands.
But the only one of the alleged terms or conditions set up in defendants’ answer, the violation of which they relied on as a defense, was one prohibiting deviation, and they claim that making fast to a dock in Brooklyn, on the voyage, was a deviation, on account of which the insurance became discharged. This act of the master of the vessel was not deviation, of a nature to avoid the policy, but a proper precaution, and necessary to overcome the force of the wind, and of the ebb tide from the Hudson River, which might have swept the vessel down the Bay. It worked no injury to the defendants, and added nothing to their risk. •
The question of deviation must be determined by the motives, end and consequence of the act. The fact that deviation was from necessity, excuses the insured. The defendants’ exceptions should be overruled and judgment entered for the plaintiff, with costs. '
Ingraham, J., concurred.